[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

-------------------------------------------
No. 04-13650
Non-Argument Calendar
-------------------------------------------

D. C. Docket No. 01-00377-CR-JIC

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO RIVERO,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------
(June 28, 2005)

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Upon resentencing, Gilberto Rivero appeals his 420-month total sentence after a jury found him guilty of drug trafficking and firearms offenses. No reversible error has been shown; we affirm.

Rivero was found guilty of, among other things, using and carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the initial sentencing, Rivero objected to his classification as a career offender because his predicate offenses were not "crimes of violence." The district court overruled this objection. We vacated Rivero's § 922(g)(1) conviction and remanded for resentencing; but we wrote that the district court properly classified Rivero as a career offender. See United States v. Gunn, 369 F.3d 1229, 1238 (11th Cir.), cert. denied, 125 S.Ct. 324 (2004).

At resentencing, Rivero raised no new objections. The district court determined that Rivero's offense level was 37 and that his criminal history category was VI, resulting in a sentencing range of 360 months to life. Rivero asked only that he be sentenced at the low end of the guideline range. The district court then sentenced Rivero to a 420-month total sentence: 360-month concurrent sentences for two drug trafficking convictions, a 240-month concurrent sentence

for a drug-related firearms offense, and a 60-month consecutive sentence for the § 924(c) conviction.

After the district court imposed sentence, Rivero asked that the 60-month consecutive § 924(c) sentence be run concurrently with the other sentences. Rivero noted that "even though he scores as a career offender, that is extremely Draconian, and is essentially akin to a life sentence, and is not warranted based upon the facts in this case." The district court overruled Rivero's objection, concluding that § 924(c) required that the 60-month sentence run consecutively.

Rivero argues that the district court erred by not awarding him a downward departure, under U.S.S.G. § 4A1.3, based on the overrepresentation of his criminal history. He contends that the district court's reference to § 924(c)'s requirement of a consecutive sentence is evidence that the district court felt that it did not have the authority to depart downward from the 360-month sentence.

We "generally may not review the merits of a district court's refusal to grant a downward departure"; but we "may conduct a de novo review of a defendant's claim that the district court mistakenly believed it lacked the authority to grant such a departure." United States v. Mignott, 184 F.3d 1288, 1290 (11th Cir. 1999).

We reject Rivero's argument. At resentencing, Rivero did not request a downward departure based on overrepresentation of his criminal history: he did not mention § 4A1.3 and only challenged the court's imposition of the consecutive § 924(c) sentence. Rivero failed to put the district court on notice that he was requesting a downward departure. See United States v. Dennis, 786 F.2d 1029, 1042 (11th Cir. 1986) (stating that to preserve issue for appellate consideration, defendant must lodge more than a general objection or an objection on other grounds). Rivero also provides no basis for us to conclude that the district court committed error in failing to sua sponte consider a downward departure based on § 4A1.3. See Fed.R.Crim.P. 32(h) (requiring a court to notify the parties before departing on a previously unidentified ground); Burns v. United States, 111 S.Ct. 2182, 2186 & n.4 (1991) (noting that Rule 32 applies to downward departures and that sua sponte departures occur only in "extraordinary" cases).

And even had Rivero filed a motion for a downward departure, we would be unable to review the denial of that request. Rivero has presented no evidence that the district court misapprehended its authority to depart downward based on alleged criminal history overrepresentation. See United States v. Hansen, 262 F.3d 1217, 1255 (11th Cir. 2001) (where no indication that district court

misapprehended its authority, we assume that sentencing court understood it had authority to depart downward).  The sentence was lawful and reasonable.

AFFIRMED.